UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Levy, Mary § Case No. 10-26662 TAD
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joseph A. Baldi_____
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-26662 | Judge: Timothy A. Barnes | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | Levy, Mary | | Date Filed (f) or Converted (c): | 06/14/10 (f) |
| | | | 341(a) Meeting Date: | 08/19/10 |
| For Period Ending: | 08/22/13 | | Claims Bar Date: | 12/17/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Estate located at 416 S 2nd Ave, Maywood IL 6 | 103,000.00 | 0.00 | | 0.00 | FA |
| 2. Checking account with Inland Bank | 30.00 | 0.00 | | 0.00 | FA |
| 3. Savings account with Inland Bank | 600.00 | 0.00 | | 0.00 | FA |
| 4. Miscellaneous used household goods and furnishings | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Personal used clothing | 250.00 | 0.00 | | 0.00 | FA |
| 6. Prudential whole life insurance policy | 476.00 | 0.00 | | 0.00 | FA |
| 7. IRA with Fidelity | 48,046.00 | 0.00 | | 0.00 | FA |
| 8. Claim against debtor's now former employer | 0.00 | 100,000.00 | | 100,000.00 | FA |
| Trustee settled EEOC claim for $100,000 Trustee authorized to pay special counsel contingency fees ($40,000) and Debtor allowed equitable claim from proceeds ($10,000) | | | | | |
| 9. 2002 Mercury Sable with 135,000 miles Paid in full | 1,752.00 | 0.00 | | 0.00 | FA |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $155,154.00 | $100,000.00 | | $100,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case reopened, requested UST to reappoint trustee to pursue unscheduled EEOC claim; pursuant to court's April 2013 order, Trustee settled EEOC claim for gross recovery of $100,000; Trustee's special counsel was awarded fees and Debtor's claimed exemption was allowed.Trustee will review claims and resolve any issues.  Trustee has retained accountant to prepare Estate tax returns.  Trustee filed Estate tax returns.

Initial Projected Date of Final Report (TFR): 12/31/13     Current Projected Date of Final Report (TFR): 12/31/13

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 10-26662 -TAD | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|
| Case Name: | Levy, Mary | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******0551 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******9028 | | |
| For Period Ending: | 08/22/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/04/13 | 8 | NATIONAL UNION FIRE INSURANCE CO. of Pittsburgh | Settlement Proceeds | | 50,000.00 | | 50,000.00 |
| | | NATIONAL UNION FIRE INSURANCE CO. O | Memo Amount:         100,000.00 Gross Proceeds of Settlement | 1149-000 | | | |
| | | ASONYE & ASSOCIATES | Memo Amount:    (    40,000.00 ) ATTORNEY FEES | 3210-600 | | | |
| | | MARY LEVY | Memo Amount:    (    10,000.00 ) SETTLEMENT | 8500-000 | | | |
| 07/05/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee | 2600-000 | | 42.81 | 49,957.19 |
| 08/01/13 | 001001 | Illinois Department of Revenue P.O. Box 19053 Springfield, IL 62794-9053 | STATE INCOME TAX Payment on 2013 Illinois State Taxes for Bankruptcy Estate of Mary Levy | 2820-000 | | 1,705.00 | 48,252.19 |
| 08/01/13 | 001002 | Department of the Treasury Internal Revenue Service Center Cincinnati, OH 45999-0148 | FEDERAL TAX Payment on 2013 Federal Tax for the Bankruptcy Estate of Mary Levy | 2810-000 | | 3,521.00 | 44,731.19 |
| 08/05/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee for July 2013 | 2600-000 | | 53.04 | 44,678.15 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

LFORM2T4

Ver: 17.02f

FORM 2

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 10-26662  -TAD |
| Case Name: | Levy, Mary |
| Taxpayer ID No: | *******9028 |
| For Period Ending: | 08/22/13 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******0551  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | |
|---|---|---|---|---|---|
| | | Account *******0551 | Balance Forward | 0.00 | |
| | | 1 | Deposits | 50,000.00 | 2 Checks | 5,226.00 |
| | | 0 | Interest Postings | 0.00 | 2 Adjustments Out | 95.85 |
| Memo Allocation Receipts: | 100,000.00 | | | | 0 Transfers Out | 0.00 |
| Memo Allocation Disbursements: | 50,000.00 | | Subtotal | $ 50,000.00 | |
| | | | | | Total | $ 5,321.85 |
| Memo Allocation Net: | 50,000.00 | 0 | Adjustments In | 0.00 | |
| | | 0 | Transfers In | 0.00 | |
| | | | Total | $ 50,000.00 | |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | Date: August 22, 2013 |

Case Number: 10-26662  
Debtor Name: Levy, Mary

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---:|---:|---:|
| 001 2810-00 | Internal Revenue Service | Administrative<br>Estate income taxes | $3,521.00 | $3,521.00 | $0.00 |
| 001 2820-00 | Illinois Department of Revenue | Administrative | $1,705.00 | $1,705.00 | $0.00 |
| 001 2100-00 | JOSEPH A. BALDI, Trustee<br>20 N Clark Street<br>Suite 200<br>Chicago, Illinois  60602 | Administrative | $7,750.00 | $0.00 | $7,750.00 |
| 001 3410-00 | Popowcer Katten, Ltd<br>35 E. Wacker Drive<br>Suite 1550<br>Chicago, Il  60601-2207 | Administrative | $960.00 | $0.00 | $960.00 |
| 001 3110-00 | Baldi Berg & Wallace, Ltd.<br>20 N. Clark Street, Ste. 200<br>Chicago, IL 60602 | Administrative | $4,635.66 | $0.00 | $4,635.66 |
| 001 3210-60 | Asonye & Associates | Administrative<br>Contingent Attorneys fees allowed per court order | $40,000.00 | $40,000.00 | $0.00 |
| 001 8500-00 | Mary Levy | Administrative<br>non-estate equitable claim allowed per court order | $10,000.00 | $10,000.00 | $0.00 |
| | Subtotal for Priority 001 | | $68,571.66 | $55,226.00 | $13,345.66 |
| 000001 070 7100-90 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | $9,661.41 | $0.00 | $9,661.41 |
| 000002 070 7100-90 | FIA CARD SERVICES, N.A.<br>4161 Piedmont Parkway<br>NC4 105 03 14<br>Greensboro, NC 27410 | Unsecured | $29,852.27 | $0.00 | $29,852.27 |
| 000003 070 7100-90 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured<br>(3-1) CREDIT CARD DEBT | $1,066.98 | $0.00 | $1,066.98 |
| 000004 070 7100-90 | LVNV Funding, LLC its successors and assigns as<br>assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Unsecured | $6,628.47 | $0.00 | $6,628.47 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: August 22, 2013 |

Case Number: 10-26662
Debtor Name: Levy, Mary

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000005 070 7100-90 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | Unsecured | | $2,266.69 | $0.00 | $2,266.69 |
| | Subtotal for Priority 070 | | | $49,475.82 | $0.00 | $49,475.82 |
| | Case Totals: | | | $118,047.48 | $55,226.00 | $62,821.48 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

                                                                                                                                Exhibit D

Case No.: 10-26662 TAD
Case Name: Levy, Mary
Trustee Name: Joseph A. Baldi

        Balance on hand                                                                           $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd | $ | $ | $ |
| Other: Internal Revenue Service | $ | $ | $ |
| Other: Illinois Department of Revenue | $ | $ | $ |
| Other: Asonye & Associates | $ | $ | $ |

        Total to be paid for chapter 7 administrative expenses         $_____

        Remaining Balance                                                     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000003 | American Express Bank, FSB | $ | $ | $ |
| 000004 | LVNV Funding, LLC its successors and assigns as | $ | $ | $ |
| 000005 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE